IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY DeJULIUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-14-889-C |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY and MICHAEL GAREY, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff's home was insured by Defendant State Farm. Plaintiff had purchased her insurance policy through Defendant Garey, an agent for Defendant State Farm. On May 20, 2013, Plaintiff's home was damaged by a tornado. Plaintiff sought coverage for the damage from Defendant State Farm. Unable to agree on the amount of compensation to which she was entitled, Plaintiff filed this action against Defendant State Farm, asserting claims for breach of contract and bad faith. Plaintiff also named Garey, asserting claims for negligence in procurement of the policy and misrepresentation. Plaintiff's action was filed in the District Court of Cleveland County, Oklahoma, on September 12, 2013. On August 18, 2014, Defendant State Farm removed the action to this Court, asserting diversity of citizenship as its basis for jurisdiction. Plaintiff now seeks remand, arguing that Defendant State Farm's removal was untimely.

The timeliness of Defendant's Notice of Removal is governed by 28 U.S.C. § 1446(b). In pertinent part, subparagraph one of that statute states: "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . ." Here, Defendant argues this time limit is inapplicable as removeability could not be determined on the face of Plaintiff's Petition.

To understand Defendant's argument, some consideration of the parties' positions is necessary. As noted above, Plaintiff has made claims against the agent who sold her insurance policy. That agent, Defendant Garey, is a citizen of Oklahoma. Thus, if he remains a party the Court lacks subject matter jurisdiction as complete diversity is lacking. For its part, Defendant State Farm argues that Defendant Garey has been fraudulently joined and therefore should be disregarded for purposes of determining diversity. "'To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (quoting Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011)).

Plaintiff's claims against Defendant Garey were set forth in her Petition. Defendant State Farm argues that Plaintiff agrees that the propriety of removal could not be determined on the face of the Petition and therefore some other document was required. As discussed more fully below, Defendant State Farm asserts that Plaintiff made this representation during

2

a hearing in state court. However, Defendant misstates Plaintiff's position. Plaintiff's position regarding the Petition is not an admission that it was so ambiguous that whether Defendant Garey was fraudulently joined could not be ascertained on its face. Rather, when Plaintiff agrees the case was not removeable on the face of the Petition, Plaintiff restates her belief that she has a valid and prosecutable claim against Defendant Garey. Thus, whether or not the Petition was sufficient to provide Defendant with a basis for removal remains an open question.

Assuming for the sake of argument that Defendant is correct and the Petition was insufficient, consideration of the applicability of subparagraph (3) of § 1446(b) is the next step. That portion of the statute states:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

According to Defendant, the "other paper' that finally confirmed the case was removeable was Plaintiff's counsel's statement at a July 21, 2014, hearing. Defendant State Farm argues that at that hearing counsel conceded the case was removeable. Defendant State Farm asserts that the transcript of that hearing then constitutes an "other paper" within the meaning of §1446(b)(3).

Defendant State Farm's leap in analysis simply misstates the meaning of counsel's statement at the hearing. Counsel's statement was "They can remove this case at any time within one year . . . ." (Dkt. No. 1-18, p. 2). When read in context, it is clear that counsel

3

was referring to the statutory time limits on removal and that the decision to remove rested solely with Defendants. Indeed, even a strained reading of the transcript offers no support for the argument raised by Defendant State Farm that counsel made a concession regarding the validity of Plaintiff's claims against Defendant Garey. The Court finds the transcript does not qualify as an "other paper" as contemplated by § 1446(b)(3). Accordingly, Defendant may not rely on that document to demonstrate timely removal. Assuming, without deciding, that the propriety of removal was not apparent on the face of the Petition, Defendant has failed to demonstrate the existence of any other paper or other knowledge that would trigger its right to remove. Consequently, the Court finds removal was improper and remand is required.

Plaintiff requests fees in the event the Court grants its Motion to Remand. The Supreme Court has held that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). It cannot be said that Defendant lacked an objectively reasonable basis for its removal. Accordingly, Plaintiff's request for fees will be denied.

For the reasons set forth herein, Plaintiff's Motion to Remand (Dkt. No. 8) is GRANTED. Defendant State Farm Fire and Casualty Company's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand (Dkt. No. 15) is DENIED. The Clerk of Court shall take the necessary steps to remand this matter to the District Court of Cleveland County, Oklahoma.

4

IT IS SO ORDERED this 24th day of November, 2014.

ROBIN J. CAUTHRON
United States District Judge